IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROYAL CHEMICAL COMPANY, LTD.,** | Case No. 5:23-cv-01774 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **110TH MERCER PROPERTIES, LLC,** | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Before the Court is Defendant 110th Mercer Properties, LLC's ("Mercer Properties") Motion to Dismiss or, in the alternative, to Transfer Venue filed on October 19, 2023. (Doc. No. 5.) On November 27, 2023, Plaintiff Royal Chemical Company, Ltd. ("Royal Chemical") filed a Response. (Doc. No. 9.)

On September 12, 2023, Royal Chemical sued Mercer Properties seeking a declaratory judgment that, in part, Royal Chemical properly exercised its option to extend its lease agreement with Mercer Properties. (Doc. No. 1, ¶ 38.) On October 19, 2023, Mercer Properties moved to dismiss the case or to transfer venue. (Doc. No. 5.) Mercer Properties argues that the Court lacks personal jurisdiction over it because it "has no, nor had any, meaningful [contacts] with Ohio." (Doc. No. 5-1, PageID# 45.) Alternatively, Mercer Properties argues that the Court should transfer this case to the Northern District of Texas. (*Id*. at PageID# 51.)

On November 27, 2023, Royal Chemical filed a Response. (Doc. No. 9.) Royal Chemical contends that this Court has personal jurisdiction over Mercer Properties. (*Id*. at PageID# 94.) But "to ensure a prompt and efficient resolution," it "consents to the transfer of this matter to the Northern District of Texas." (*Id*.)

Mercer Properties seeks to transfer venue under 28 U.S.C. § 1404(a). (Doc. No. 5-1, PageID# 50). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

Both Royal Chemical and Mercer Properties consent to transfer to the Northern District of Texas. (Doc. No. 5-1, PageID# 51; Doc. No. 9.) And they also agree that the transfer factors weigh in favor of the Northern District of Texas. (Doc. No. 5-1, PageID# 53; Doc. No. 9.) Key witnesses are in Dallas, Texas (Doc. No. 5-2, ¶ 19), Mercer Properties' documents are in Dallas, Texas (*id*. at ¶ 18), and transfer "will result in avoidance of fees and costs and an expeditious resolution of this matter." (Doc. No. 9.)

Accordingly, the Court GRANTS Mercer Properties' Motion to Transfer Venue. (Doc. No. 5.) The Court ORDERS this case transferred, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Texas, Dallas Division.

**IT IS SO ORDERED.**

Date: November 28, 2023

   *s/Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE

2